IN THE UNITED STATES
DISTRICT COURT FOR THE
WESTERN DISTRICT OF
TEXAS
AUSTIN DIVISION

FILED

APR 0 8 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

| | |
|---|---|
| ERIC MARTIN MATTHEWS | § |
| PLAINTIFF | § |
| | § |
| V. | § CASE NUMBER: |
| | § |
| EXECUTIVE OFFICE FOR THE UNITED | § |
| STATES ATTORNEYS | § |
| FEDERAL BUREAU OF PRISONS | § |
| OFFICE OF LEGAL COUNSEL | § |
| OFFICE OF THE PRESIDENT | § |
| | § |
| OFFICE OF THE JUDGE ADVOCATE | § |
| GENERAL (U.S. NAVY) | § |
| ET AL | § |

CASE NUMBER: 1:20CV0370RP

## FREEDOM OF INFORMATION ACT

### REQUEST SUIT PURSUANT

### TO 5 U.S.C. 552

Comes NOw, Eric Matthews,  files this Freedom of Information
Act Reqeust Federal Lawsuit pursuant to 5 U.S.C. 552.

All named defendants, which are various government agencies
are listed in the header supra. The first     pages of this suit
lists all the standard and jurisdiction basis for this court for
the Freedom of Information Act Request suit.  THe standards
include the exahuastion requirements for FOIA.
The following is submitted:

## ABBREVIATION PAGE

The following Abbreviation apply to this FOIA suit:

EOUSA   = Executive Office for the United States Attorney's

BOP     = Federal Bureau of Prisons

DOJ     = United States Department of Justice

Dir, OIP = Director, Office of Information and Policy

FOIA    = Freedom of Information Act

ICE     = United States Immigration and Customs Enforcement

## PART ONE (1)

## FOIA ENACTMENT AND PURPOSE

The Freedom of Information Act, 5 U.S.C. 552. was established to permit access to information hidden from the public. It provides for openness and transparency in government and it is a tool to prevent tyrany by cutting through bureacratic red tape. In EPA v. Mink, the Supreme Court held:

> "More specifically, since it's inception the Supreme Court has repeatedly stressed that the Act seeks to permit access to official information long shielded unnecessarily from public view and attempts to creae a judicially enforceable public right to secure such information from possibly unwilling official hands." EPA v. Mink, 410 U.S. 73, 80, 93 S. Ct. 827, 35 L Ed 2d 119 (1973), Lahr v. NTSB, 569 F. 3d 964, 973 (9th Cir. 2009) ; Further, the Supreme Court has interpreted FOIA broadly requiring a philosophy of full agency disclosure except where specifically exempted by the Act. ID at Mink at 80.

They continue in U.S. Depatment of Justice V. Reporters Comm for Freedom of Press: "FOIA's "core purpose" is to inform citizens what their government is up to." United States Department of Justice v. Reporters Comm for Freedom of Press, 489 U.S. 749, 773, 109 S. Ct. 1468, 103 L Ed 2d 774 (1989). "Congress enacted FOIA in 1996 to pierce the veil of administrative secrecy and to open agency action to the light of public scrunting." Morley V. CIA, 508 F. 3d 1108, 1114 (D.C. Cir. 2007).

## JURISDICTION

Federal District Courts have jurisdiction to hear FOIA civil suits against government agencies that violate 5 U.S.C. 552 or otherwise obstruct a Petitioner from obtaining information:

> "The FOIA "vest jurisdiction in federal district courts to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Kissinger v. Reporters Comm For Freedom of the Press, 445 U.S. 136, 139, 100 S. Ct. 960, 63 L Ed 2d 267 (1980), See also: Gonzalez V. United States Dept. Of Agric., 2018 U.S. Dist Lexis 148368 (S.D. Fl 2018).

> "The Court's jurisdiction under FOIA derives from a showing that the agency improperly withheld records requested by the Plaintiff. Brown V. United States Department of Justice, 169 F. Appx 537, 540 (11th Cir. 2006).

> "A district court has jurisdiction in a FOIA action to enjoin the agency from witholding agency records and to order the production of any agency records improperly withheld from the complainant." % U.S.C. §552(a)(4)(B).

Bonilla V. United States DOJ, 798 F. Supp 2d 1325 (S.D. Of FL July 25, 2011); Ely V. Fed Bureau of Investigations, 781 F.2d 1487, 1490 (11th Cir. 1986); Kissinger v. Reporters Comm for Freedom of the Press, 445 U.S. 136, 139, 100 S. Ct. 960, 63 L Ed 2d 267 (1980) Headnote 9.

In addition to jurisdiction under 5 U.S.C. 552 district courts have jurisdiction under two other statutes first:

"28 U.S.C. 1331 - because his claims implicate federal statutes, the court will evaluate Plaintiff's claims pursuant to its federal question jurisdiction under 28 U.S.C. 1331. Oneal V. Berryhill, 2019 U.S. Dist. Lexis 7645 Jan 16, 2019)

Then Carter v. United States Dept. Of Commerce, 307 F. 3d 1084, 1088 (9th Cir. 2002): Carter goes on to say after the (4)(B) " We have jurisdiction under 28 U.S.C. 1291."

## STANDING

Because the Petitioner's request for information has been obstructed, denied, or ignored by a governmental agency(s), the courts have universally acknowledge that the Petitioner has been harmed and therefore has standing to bring the suit:

"The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." Zivotofsky ex rel. Ariz. V. Sec'y of State, 444 F. 3d 614, 617-18, 370 U.S. App D.C. 269 (D.C. Cir. 2006) ; A Better Way for BPA V. United States DOE Bonneville Power Admin, 890 F. 3d 1183 (9th Cir. 2018)

Further the Petitioner has a number of courts in which he may seek relief:

(the district court "in which the complaintant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia has jurisdiction to provide releif) Carter V. U.S. Dep't of Commerce, 307 F. 3d 1084, 1088 (9th Cir. 2002) (noting distirct court jurisdiction under % U.S.C. 552 (a)(4)(B), Cited in Rosiere V. United States, 693 Fed Appx 556 (9th Cir. 2017).

## EXHAUSTION OF

## ADMINISTRATIVE REMEDIES

## STANDARD

FOIA provides that a Petitioner must exhaust all adminstrative remedies prior to initiating legal action for an agency failure to comply with a request:

"The failure to process a FCIA request within twenty days, while not itself an actionable FOIA violation, does have a consequence under the statute. In that event, the requester can bypass the normal requirement to seek administrative review of an adverse determination on her request and instead proceed directly to district court. See: 5 U.S.C. § 552(a)(6)(i)-(ii), (c)(i). See Citizens for Responsibility and Ethics in Wash V. FEC, 711 F. 3d at 185, 189-190 (D.C. 2012) The court then would conduct a de novo review of the agency's processing of the request. See: 5 U.S.C 552 (a)(4)(B)."Cited all the above in: Judicial Watch Inc. V. United States Dept. of Homeland Sec., 895 F. 3d 770 (D.C. 2017).

"FOIA provides for two different types of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or part of party's document request. Constructive exhaustion occurs when certain statutory requirements are not met by the agency. A party is deemed to have constructively exhausted all administrative remedies if the agency fails to comply with the applicable time limits provisions of this paragraph. 5 U.S.C. 552(a)(6)(c)."Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994).

"See 5 U.S.C. § 552(a)(6)(c) (person is deemed to exhaust administrative remedies if the agency fails to respond to a request under applicable time limits); 5 U.S.C. §552(a)(6)(A)(i) (requiring agency to determine within 20 days whether to comply with a request and to give notice of the right of administrative appeal in its response to a request). Kelly V. United States Census Bureau, 540 Fed Apps 749, 750(9th Cir. 2013).

## RECORDS ARE SUBJECT TO DISCLOSURE

Adherence to 5 U.S.C. 552 is universal:

"Under FOIA, records are "presumed to be subject to disclosure." Ely V. Fed Bureau of Investigation, 781 F. 2d 1487, 1490 (11th Cir. 1986); Bonilla V. United States DOJ, 798 F Supp 2d 1325 (S.D. of FL July 25, 2011)

"FOIA requires federal agencies to disclose public information upon a citizen's request unless the information falls within exemptions from disclosure identified in 5 U.S.C. § 552(b); & U.S.C.§ 552((a)(1), (2), and (3). Oregon Natural Desert Association V. Locks, 572 F. 3d 610, 614 (9th Cir. 2009); Braun V. FBI, 2016 U.S. Dist Lexis 179340 (D. Of Montana, Butte 2016).

Further:

"This court must have an "adequate factual basis" for its initial determination that records are exempt under FOIA." Stephenson V. Internal Revenue Serv., 629 F. 2d 1140, 1144 (5th Cir 1980). Moreover, in camera review of the actual documents being withheld by the government agency may supply the court with this "adequate factual basis." Miscavige V. Internal Revenue Serv., 2 F. 3d 366, 366-7 (11th Cir. 1993)

Also:

"The determination that a given FOIA request is to be denied on grounds
of privilege requires a two step inquiry: the court must determine that
(1) the information was of the sort covered by the relevant exemption and
then undertake (2) a balancing of individual privacy interest against the
public intrest in disclosure that may reveal that disclosure of the
information constitutes a "clearly unwarranted invasion of privacy."
Ely v. FBI, 781 F. 2d 1487 N.3 (11th Cir. 1993); Cocharn V. United States
770 F. 2d 949 (11th Cir. 1985); Estevez V. United States Attorney's Office,
2018 U.S. Dist. Lexis 9977 (S.D. CA 2018).

An agency is bound by the statute to show that it conducted a calculated
search to uncover the requested document(s):

"Under this standard, the agency need not show that its search was exhaustive
rather, the agency must show beyond material doubt... that it has conducted
a search reasonably calculated to uncover all relevant documents." Ray v.
U.S. Dept of Justice, 908 F. 2d 1549, 1558 (11th Cir. 1990); Weisber V.
United States Dept of Justice, 227 U.S. App D.C. 253, 705 F. 2d 1344,
1351 (D.C. Cir. 1983).

In the same vein:

"The agency bears the initial burden of showing that its search was
"reasonable" Ray v. Dept of Justice, 908 F. 2d 1549, 1558 (11th Cir. 1990).

To ensure compliance the court:

"The Court may rely on a reasonably detailed affidavit setting forth the
search terms and the type of search performed, and averring that all files
likely to contain responsive materials (if such records exist) were
searched. Ogesby v. U.S. Dept. of Army, 920 F. 2d 57, 68 (D.C. Cir.      ).

### SUMMARY JUDGEMENT STANDARD

In FOIA cases, to obtain summary judgement the agency must show that it
made a good faith effort to conduct a search for the requested records, using
methods which can be reasonably expected to produce the information requested.
Mobly V. CIA, 806 F. 3d 568, 580 (D.C. Cir. 2015). However the typical standard
for summary judgement is not sufficient because the facts in a FOIA case are
rarely in dispute. Minier V. Cent. Intelligence Agency, 88 F. 3d 796, 800
(9th Cir. 1996).  The vast majority of FOIA cases can be resolved on summary
judgement. Brayton V. Office of U.S. Trade Rep., 641 F. 3d 521, 527 (D.C. 2011).

## PART TWO

## HISTORY OF FREEDOM OF

## INFORMATION ACT REQUEST

The following is the History of the Freedom of Information Act Request(s) and Appeal(s) for those request that are the subject of this suit.

## SECTION ONE

## EXECUTIVE OFFICE FOR THE

## UNITED STATES ATTORNEY'S

For the next    FOIA's that were sent to the EOUSA, Mr. Matthews is specifically claiming that the EOUSA has taken longer than the statutory time period to respond. See: 5 U.S.C. 552(a)(6)(C)(i). Mr. Matthews is claiming for each one of the next    FOIA's, that the EOUSA has failed to make a determination with a release of records or issue a denial lettter as their determination. EOUSA can not claim that they did any kind of search as no records or letters of denial have been issued. Any appeal to Dir, OIP on the EOUSA failure to comply with the statute (5 U.S.C. § 552(a)(6)(C)(i)) to respond with a determination is not a greivance against the Dir, OIP. Mr. matthews has gone above and beyond what is required for exhaustion of Administrative Remedies for the FOIA's to EOUSA. This is shown below in the Attempt to Get FOIA Records Section and Plea Aggreement Section.

## ATTEMPT TO GET

## FOIA RECORDS

Mr. Matthews in an attempt to get the EOUSA to respond to and provide a status of when EOUSA expects to make a final determination on Mr. Matthews FOIA Reqeust, wrote a letter dated March 13, 2019 to EOUSA. This letter was sent VIA Certified Mail number: 7016 1370 0001 2875 9241. Mr. Matthews simply asked for a status of when the records or a final determination will be made available. A list of FOIA request were provided in the letter. (See: Exhibit   ).

Mr. Matthews wrote a letter dated March 13, 2019 to the EOUSA asking for justification of what exceptional circumstances are present to warrant such an excessive delay in providing records or a denial letter. Mr. Matthews cited 5 U.S.C. 552(a)(6)(C)(i) aa justification for the request. This letter was sent via certified mail number: 7016 1370 0001 2875 9241 ( See Exhibit A ). No response was received to thses reqeust.

## PLEA AGGREEMENT

As this court is well aware, many Plea Agreements that are done today have a waiver in them that will preclude a defendant from using FOIA to get records or information on their criminal case. Mr. Matthews Plea Agreement has no such waiver in it. (See: Exhibit A  for a copy of Plea Agreement)

Mr. Matthews thought that EOUSA maynot be providing documents, records or information because EOUSA may have mistakenly thought that Mr. Matthews has one such waiver of FOIA in his Plea Agreement. So, Mr. Matthews sent a Certified letter to EOUSA under Certified Mail Number: 7018 0360 0000 9854 1581. THis letter had enclosed with it a copy of Mr. Matthews Plea Agreement, so EOUSA would have proof that there is no FOIA waiver in Mr. Matthews PLea Agreement. (See: Exhibit A )

## methods for foia

Mr. Matthes will in this section contrast the three methods used to notify and track FOIA request.

The Federal Bureau of PRisons (BOP) once they have received a FOIA reqeust send a letter with the FOIA reqeust number that was assigned to that request. The BOP also sends a copy of the request that the reqeustor wrote with the acknowldgement letter that has the FOIA requestnumber on it. This system or method makes it very

easy to track each FOIA sent to BOP. Mr. Matthews commends BOP for these actions.

United States Immigration and Customs Enforcement (ICE) once they have received a FOIA reqeust send a letter with the FOIA request number that was assigned to that request. In contrast to BOP, ICE provides enough pertanent details about the request that was made in their letter that the FOIA requestor can easily figure out what reqeust matchs up to that request number. Mr. Matthews commends ICE for their actions they take.

When it comes to EOUSA it is a totality different story, E EOUSA many times does not respond to a FOIA request in the 20 day time frame as reqeuired by statute. EOUSA letter(s) that assign a FOIA request number does not have any information in the letter to let the requstor know which FOIA that FOIA request number goes with. EOUSA does not provide a copy of the reqeust as BOP. So a person (requestor) such as Mr. Matthews, makes many request under FOIA to EOUSA for records, it is very difficult if not immpossible to match up the requests to the request numbers. Mr. Matthews has to go to great lengths to get the FOIA reqeust number to match up to the correct FOIA reqeust. Many times Mr. Matthews is unable to match up the FOIA request number with the correct FOIA Reqeust. In this suit Mr. Matthews is still not sure what reqeust number goes with what reqeust. So this court has a real mess on it's hands.

## MR. MATTHEWS EXHAUSTED

## ADMINISTRATIVE REMEDIES

Mr. Matthews claims for each FOIA presented here that he has exhausted his administrative remedies. "FOIA requires a plaintiff to exhaust his administrative remedies prior to filing a FOIA lawsuit. Generally a plaintiff has exhausted his administrative remedies by filing an appeal, but a person shall be deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions. Eakin v. U.S. DOD, 2017 U.S. Dist. Lexis 121798 (Western District of Texas San Antino Division, Aug 2017); Voinche v. FBI, 999 F.2d 962, 963 (5th Cir. 1993); 5 U.S.C. 552(a)(6)(C). The statute goes on to say "if the government canshow exceptional circumstances exist and that the agency is excercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." ID at Eakin.

FOr each FOIA request that one of the agencies failed to provide records or a letter of denial in a timely manner as prescribed by statute Mr. Matthews filed an appeal for not producing records or issuing a letter of denial. Mr. Matthews received a letter for each appeal as described supra from Dir. OIP advising of the right to file a Federal Lawsuit if an agency fails to comply with the statutory time frame to respond with records or a letter of denial.

In addition to filing the appeal with completes the administrative remedies, the time frame allowed by statute to respond with records or a letter of denial has long since expired with

respect to each of the FOIA request that one of the agencies
failed to provide records or a letter of denial.  So either way
the court views the exhaustion of administrative remedies for
these FOIA request, the exhaustion of administrative remedies
has been completed.  The exhibits for each of the FOIA request
show the exhaustion of remedies being completed.

To address the second part of the statute 5 U.S.C. 552(a)
(6)(C) which calls for the agency to show exceptional circum-
stances that exist and that the agency is excercising due
diligence in responding to the request, then the court may retain
jurisdiction and give the agency more time to complete its record
search. NOw, I am suppose to ask this court to take jurisdiction
over each one of these FOIA request and give the agencies time
to complete their records review. Each agency has taken 9 (nine)
months to more than a year on each request with no response. So
I am suppose to ask this court to give the agencies more time
now to do what they should have allready done. What constitutes
a reasonable amount of time now for the court to give the agencies
to respond to the request?  The agencies can not show that they
have excercised due diligence in responding to or searching for
records for each one of these request. An agency is expecting
this court to believe for each one of these request that will
be less than 100 pages that it is going to take them over 9 months
to respond.  You can not be serious? This court should take
jurisdiction of these request and give the agencies a very
limited amount of time to respond.

EXECUTIVE OFFICE FOR THE

UNITED STATES ATTORNEYS

FOIA REQUEST NUMBER

EOUSA-2018-004159

APPEAL NUMBER DOJ-AP-004852

COUNT # ONE (1)

On May 15, 2018 Mr. Matthews mailed a letter to EOUSA in Washington, D.C. The agency EOUSA responded in a letter dated June 14, 2018 acknowledging Mr. Matthews FOIA request. EOUSA assigned EOUSA-2018-004159 as the agency's request number. Mr. Matthews on APril 29, 2019 wrote a FOIA appeal letter to Dir. OIP on the EOUSA reqeust number EOUSA-2018-004159. ON May 31, 2019 DIr.OIP made a determination of the FOIA appeal Mr. Matthews submitted on EOUSA reqeust number EOUSA-2018-004159. Dir OIP assigned appeal number DOJ-AP-004852 to this appeal. Dir OIP denied the appeal citing that the agency EOUSA has not made an adverse determination yet of this FOIA reqeust. The letter goes on to say the Dir. OIP can only take an administrative appeal once an agency has made an adverse determination.  Dir OIP also advised that a requester can file a lawsuit when an agency takes longer than the stutory time period to respond. The documentation for this FOIA can be found in Exhibit  E .  This FOIA was for emails between various people that were associated with Mr. Matthews criminal case.

Note: This FOIA was orginally sent to the local United States Attorneys Office in Miami Florida who would have these emails. They informed MR. Matthews of who to go to for a FOIA reqeust. That correspondance is also enclosed in the Exhibit for this FOIA.

EXECUTIVE OFFICE FOR THE

UNITED STATES ATTORNEYS

FOIA REQUEST NUMBER

EOUSA-2018-004154

APPEAL NUMBER DOJ-AP-2019-004867

COUNT # TWO (2)

On November 20, 2017 Mr. Matthews mailed a FOIA request to
EOUSA in Washington, D.C.  On May 15, 2018 Mr. Matthews mailed
the FOIA request mailed in NOvember a second time per a phone
converstation with EOUSA customer service.   The agency, EOUSA,
responded in a letter dated June 20, 2018 acknowledging Mr. Matthews
FOIA reqeust. EOUSA assigned  EOUSA- 2018-004154 as the request
number. Mr. Matthews on April 29, 2019 wrote a FOIA appeal letter
to Dir OIP on the EOUSA reqeust number EOUSA-2018-004154. Dir.
OIP assigned appeal number DOJ-AP-2019-004867 to this appeal. ON
July 24, 2019 Dir OIP made a determination of the FOIA Appeal
Mr. Matthews submitted on EOUSA reqeust number EOUSA-2018-004154.
Dir OIP denied the appeal citing that the agency EOUSA has not
made an adverse deterimination yet of the FOIA reqeust. The letter
goes on to say that DIr OIP can only take an administrative appeal
once an agency has made an adverse determination. Dir OIP also
advised that a requester can file a lawsuit when an agency tkaes
longer than the statutory time period to respond. This FOIA is
a prime example of EOUSA not telling the requester what the FOIA
request number is for. Under EOUSA-2018-001128 Mr. Matthews
received emails that would seem to be associated with this FOIA
reqeust number 004154. That is the number MR. Matthews matched
up to it based on when it was mailed. Mr. Matthews is now not
sure which FOIA request goes with this particular FOIA Request
from EOUSA.  See Exhibit D

-13-

FEDERAL BUREAU OF PRISONS

FOIA REQUEST NUMBER 2018-05891

APPEAL NUMBER DOJ-AP-2019-004873

### COUNT # THREE (3)

On June 21, 2018 Mr. Matthews mailed a FOIA request to BOP in Washington, D.C.. The agency, BOP, responded in a letter dated July 6, 2018, acknowledging Mr. Matthews FOIA request. BOP assigned 2018-05891 as the agency's request number. Mr. Matthews on April 29, 2019 wrote a FOIA Appeal letter to Dir. OIP on the BOP reqeust number 2018-05891. On May 31, 2019 Dir. OIP, in a letter to Mr. Matthews acknowldged the FOIA Appeal of request number 2018-05891 from the BOP. On May 31, 2019 Dr. OIP made a determination of the FOIA Appeal Mr. Matthews submitted on BOP reqeust number 2018-05891. Dir. OIP  assigned appeal number: DOJ-AP-2019-004873 to this appeal. Dir. OIP denied the appeal citing that the agency, BOP , has not made an adverse determination yet of the FOIA reqeust. The letter goes on to say that Dir. OIP can only take an adminstrative appeal once an agency has made an adverse determination. Dir.OIP also advised that a requester can file a lawsuit when an agency takes longer than the statutory time period to respond. This FOIA request concerns records from the Food Service Department at the Federal Correctional Institution Englewood, in Littleton, Colorado. The documentation for this FOIA can be found in Exhibit H  .

FEDERAL BUREAU OF PRISONS

FOIA REQUEST NUMBER 2018-02490

APPEAL NUMBER DOJ-AP-2019-001335

COUNT # FOUR (4)

On January 10, 2018 Mr. Matthews mailed a FOIA request to BOP
in Washington, D.C. The agency, BOP, responded in a letter dated
January 26, 2018, acknowledging Mr. Matthews FOIA request. BOP
assigned 2018-02490 as the agency's reqeust number. Mr. Matthews
on Feburary 5, 2018 wrote a FOIA Appeal letter to Dir. OIP on the
BOP request number 2018-02490. THis appeal was for BOP saying it
will take 9 months to produce the records. On February 22, 2018
Dir. OIP in a letter to MR. Matthews acknowldged the FOIA Appeal
of request number 2018-02490 from the BOP. On April 12, 2018 Dir.
OIP made a determination of the FOIA Appeal Mr. Matthews submitted
on BOP reqeust number 2018-02490. Dir. OIP assigned appeal number:
DOJ-AP-2018-002894 to this appeal. Dir. OIP denied the appeal. Mr.
Matthews on November 15, 2018 wrote a FOIA Appeal letter to Dir.
OIP on the BOP request number 2018-02490.  On December 7, 2018 DIR.
OIP in a letter to Mr.Matthews acknoldged the FOIA appeal of
request number 2018-02490 from the BOP.  Dir. OIP assigned appeal
number: DOJ-AP-2019-001335 to this appeal. Dir. OIP denied the
appeal citing that the agency BOP has not made an adverse determin-
ation yet of this FOIA reqeust. The letter goes on to say that Dir.
OIP can only take an administrative appeal once an agency has made
an adverse determination. Dir.OIP also advised that a requester
can file a  lawsuit when an agency takes longer than the statutory
time period to respond.  This FOIA request concerns records from
the Food Srvice Department at the Federal Correctional INstitution
Englewood, in LIttleton, COlorado. See Exhibit G  for records of this.

FEDERAL BUREAU OF PRISONS

FOIA REQUEST NUMBER 2019-00840

APPEAL NUMBER DOJ-AP-2019-006587

COUNT # FIVE (5)

On November 2, 2018 Mr. Matthews mailed a FOIA request to
BOP  in Washington, D.C. The agency BOP responded in a letter dated
November 14, 2018, acknowledging Mr. Mathtews FOIA request. BOP
assigned  2019-00840  as the agency's request number. On November
14, 2018 BOP denied in part the reqest. The denial was for one of
the two sections of records requested. Mr. Matthews on NOvember 26,
2018 wrote a FOIA Appeal letter to Dir. OIP on the BOP request
number 2019-00840. On December 13, 2018 Dir. OIP in a letter to Mr.
Matthews acknowldged the FOIA Appeal of reqest number 2019-00840
from the BOP. Dir. OIP assigned appeal number DOJ-AP-2019-001452
to this Appeal. On Feb. 21, 2019 Dir. OIP made a determination of
the FOIA Appeal Mr. Matthews submitted on BOP request number 2019-
00840.  Dir. OIP agreed with BOP on the withholding of records but
cited that BOP had not made a determination on the rest of the
records yet.  Mr. Matthews is not arguing the determination that
was made on the non=release of records. This is just the history
for that. Mr. Matthews on August 1, 2019 wrote a FOIA Appeal letter
to Dir. OIP on the BOP request number 2019-00840. The records sought
are records from the Psychology department at Federal Correctionaal
INstitution Englewood, in LIttleton, Colorado for the time Mr.
Matthews was there. Dir. OIP assigned appeal number: DOJ-AP-
2019-006587 to this appeal. ON September 17, 2019 Dir OIP made a
determination of the FOIA Appeal MR. Matthews submitted on, BOP
reqeust number 2019-00840. Dir OIP denied the appeal citing that
the agency has not made an adverse determination yet of the

FOIA reqeust. The letter foes on to say that DIR OIP canonly take an administrative appeal once an agency has made an adverse determination. Dir.OIP also advised that a requester can file a lawsuit when a agency takes longer than the statutory time period to respond. **See: Exhibit F**

OFFICE OF LEGAL COUNSEL

FOIA REQUEST NUMBER FY18-082

APPEAL NUMBER DOJ-AP-2019-004849

COUNT # SIX (6)

On February 28, 2018 Mr. Matthews mailed a FOIA reqeust to Office of Legal Counsel in Washington, D.C.  THe agency, Office of Legal COunsel responded in a letter dated April 11, 2018 acknowledging Mr. Matthews FOIA reqeust. Office of Legal Counsel assigned FY18-082 as the agency's request number. Mr. Matthews wrote a letter dated December 11, 2018 asking the Office of Legal COunsel what the status of the request was. The Office of Legal COunsel responded in a letter dated March 8, 2019 advising that the request MR. Matthews submitted is complex and that Mr. Matthews could revise the FOIA to take less time to process. Mr. Matthews on APril 29, 2019 wrote a FOIA Appeal letter to Dir. OIP on the Office of Legal Counsel  request number FY18-082. Mr. Matthews on June 17, 2019 wrote a second FOIA Appeal  letter to Dir. OIP on the Office of Legal Counsel reqeust number FY18-082. On June 24, 2019 DIr. OIP in a letter to Mr. Matthews acknowldged the FOIA  Appeal of reqeust number FY18-082 from the Office of Legal COunsel.  Dir. OIP assigned appeal number DOJ-AP-2019-004849 to this appeal. ON June 24,2019 Dir. OIP made a determination of the FOIA Appeal Mr. Matthews submitted on Office of Legal Counsel request number FY18-082.  Dir. OIP denied the appeal citing that the agency Office of Legal Counsel has not made an adverse deter-mination yet of the FOIA request. The letter goes on to say that Dir. OIP can only tkae an administrative appeal once an agency has made an adverse determination. Dir OIP also advised that a reqeuster can file a lawsuit when an agency takes longer thatn the statutory time period to respond. See Exhibit C for records of this.

OFFICE OF THE PRESIDENT

OF THE UNITED STATES

### COUNT # SEVEN (7)

On March 6, 2018 Mr. Matthews mailed a FOIA request to the
Office of the President in Washington, D.C. ON May 8, 2018 Mr.
Matthews mailed a letter to the Ofice of the President to remind
the agency of their obligation under 5 U.S.C. 552(a)(6)(A)(1)
to respond to a FOIA request within 20 days as per the statute.
Mr. Matthews on July 23, 2018 wrote a FOIA appeal letter to Dir.
OIP on the Office of the President on the failure to comply with
the statute. Mr. Matthews on OCtober 2, 2018 wrote a letter to
Dir. OIP asking for a status of the appeal on the Office of the
President.  ON October 2, 2018 Dir. OIP responded to Mr. Matthews
letter  that appeals the Office of the PResidents failure to
respond to the FOIA sent. The letter stated that the Dir. OIP
does not have a responsiblity to ajudicate appeals for the Office
of the President.  On October 23, 2018 DIr. OIP sent a second
letter to Mr. Matthews that stated the same thing that the October
2, 2018 letter said.  Mr. Matthews mailed letter dated October
30, 2018 to the Justice Management Division (Mail Referal Unit for
FOIA/PA request).  Mr. Matthews enclosed all the communications
he had with the Dir. OIP and OFfice of the PResident and asked that
they refer the FOIA to the agency that has responsibility to
adjudicate appeals for the Office of the President.  In a letter
dated NOvember 26, 2018 the Justice Management Division sent a
letter to Mr. Matthews refering Mr. Matthews back to Dir. OIP and
that they do not have the perview over this matter. THe FOIA to
the Office of the PResident was concerning records of the 80th
Congress. See Exhibit B for records of this.

OFFICE OF THE JUDGE

ADVOCATE GENERAL          COUNT 8

FOIA REQUEST NUMBER

NCIS-FOIA-002143

APPEAL NUMBER: DON-NAVY-2019-003457

On December 10, 2018 Mr. Matthews mailed a FOIA request
to Naval Criminal Investigative Services (NCIS) in Quantico,
VA. The agency, NCIS, responded in a letter dated January 8,
2019, acknowleding Mr. Matthews FOIA reqeust. NCIS assigned
NCIS-FOIA-2019-002143 as the agency request number. In the
letter NCIS also addressed the request and denied having any
documents.  Mr. Matthews on January 23, 2019 wrote a FOIA
Appeal Letter to Office of the Judge Advocate General on the
request number NCIS_FOIA-002143.  The Office of the Judge Advocate
General assigned Appeal Number  DON-NAVY-2019-003457.  In
that same letter the Judge Advocate General remanded the request
back to NCIS.  NCIS in a letter dated April 3, 2019 responded
to the remand by JAG. NCIS again denied having any records.
Mr. Matthews on April 17, 2019 appealed the decision of NCIS
again to JAG.  Mr. Matthews wrote an informational letter to
JAG on June 13, 2019 to JAG concerning the request. Mr. Matthews
wrote a letter to JAG on September 11, 2019 again, but this
time to inquire of the status of the appeal. (Second one).
Mr. Matthews received no response to this letter. Mr. Matthews
wrote a second letter inquiring about the status of the appeal
on November 11, 2019.  THis letter was returned to Mr. Matthews.

This United States Navy FOIA that was sent to Naval Criminal Investigative Services, the Judge Advocate General's Office failed to respond to the re-appeal of NCIS search of records. Pursuant to 32 CFR 701.109 which is entitled PA FOIA, after and appealis received and no answer to the said appeal is received, the appeal is otherwise considered denied. (See: Exhibit     ) (COpy of relevant portion of 32 CFR 701.109 is enclosed) When Mr. Matthews mailed a letter to the Judge Advocate General Office concerning no answer to the appeal and citing the CFR saying it was denied, that letter was returned by mail to Mr. Matthews. The address used is the same address that has been used for the last 10 years or more in contacting JAG. This FOIA is concerned with the denial (pursuant to the CFR as cited supra)

Mr. Matthews is challenging the facts that NCIS did not release all the records requested. Specifically did not release records in section Two (2) of the re-appeal. These records are concerningSearch Warrants, Subpenos, and letters of request for the 140 pages of emails that was turned over by the Navy to the United States Attorney or another federal law enforcement agency. NO letter of denial for these records was provided.

Mr. Matthews is also challenging the fact that JAG failed to respond to the re-appeal of NCIS decision to not provide records. Mr. Matthews was very clear in the re-appeal letter to what Mr. Matthews was asking JAG to do.

**REQUESTED RELIEF**

   Mr. Matthews has multipule request for relief for the
FOIA suit. The following is submitted:

1)   Mr. Matthews asks that the Office of Legal Counsel be
     directed to provide the records requested under FOIA to Mr.
     Matthews and this court. Mr. Matthews asks that this court
     retain jurisdiction over this request untill it is complete.

2)   Mr. Matthews asks that the Federal Bureau of Prisons be dir-
     ected to provide the records requested inthemultipule FOIA
     request, made by MR. Matthews to this court and Mr. Matthews.
     Mr. Matthews asks that this court retain jurisdiction over
     these request untill they are complete.

3)   Mr. Matthews asks that the Office of the President be directed
     toprovide the records requested under FOIA to Mr. Matthews
     and this court. Mr. Matthews asks that this court retain
     jurisdiction over this request untill it is complete. Mr.
     Matthews asks that this court retain jurisdiction over this
     requst untill it is complete. In the alternative, Mr. Matthews
     asks that an agency be directed to provide the FOIA appeal
     response that says they are responsible for FOIA to the
     Office of the PResident and then remand it to that agency
     to respond. To date no agency has taken responsiblity for
     over sight  of the FOIA from the Office of the President.

4)   Mr. Matthews asks that the Executive Office for the United
     States Attorneys be directed to provide the reocrds requested
     in the multiple FOIA request made by Mr. Matthews to this
     court and Mr. Matthews. Mr. Matthews asks that this court
     retain jurisdiction over these request untill they are
     complete.

5)     Mr. Matthews asks that the Office of the Judge Advocate
       General and Naval Criminal Investigative Services be
       directed to provide the records requested in the FOIA
       request submitted by Mr. Matthews. Mr. Matthews asks
       that this court retain jurisdiction over this FOIA
       request untill it is complete.

                    Respectfully Submitted,

                    Eric Matthews
                    April 7, 2020

CERTIFICATE OF SERVICE

I, Eric Matthews, do declare that on this date April 7, 2020 I, have served the following document(s): FREEDOM OF INFORMATION ACT REQUEST FEDERAL LAWSUIT AND EXHIBITS THAT GO WITH IT

on each and every party reqeuired to be served and all parties that have an intrest in this particular proceeding. I have deposited an envelope/box with proper 1st class postage in the Prison Legal Mail System on this date with the above document(S) enclosed. Below is the list of person(s) that have received copy(s) of these documents. Note: The United States District Court received a copy of these pleadings ahead of time and has approved the suit prior to service being made on the parites.

One (1) Copy to:

      Executive Office for the United States Attorneys
      600 E Street NW
      Suite 7300
      Washignton, D.C. 20530

      AND

One (1) Copy to:

      Federal Bureau of Prisons
      320 1st Street NW
      Room 936
      Washignton, D.C. 20534

One (1) Copy to:

      Office of the President
      1600 Pennsylvania Ave NW
      Washignton, D.C. 20500

One (1) Copy to:

      Office of Legal Counsel
      Department of Justice
      950 Pennsylvania Ave NW
      Room 5511
      Washignton, D.C. 20530-0001

-1-