# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ERIC MARTIN MATTHEWS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EXECUTIVE OFFICE FOR THE** | § | |
| **UNITED STATES ATTORNEYS,** | § | **Case No. 1:20-CV-370-RP-SH** |
| **FEDERAL BUREAU OF PRISONS,** | § | |
| **OFFICE OF LEGAL COUNSEL,** | § | |
| **OFFICE OF THE PRESIDENT, AND** | § | |
| **OFFICE OF THE JUDGE ADVOCATE** | § | |
| **GENERAL (U.S. NAVY),** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Summary Judgment, filed October 13, 2020, and

two Supplements (Dkts. 39, 42, 44); Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction and for Summary Judgment, filed October 30, 2020 (Dkt. 43); and the associated

response briefs. The District Court referred this case to the undersigned Magistrate Judge pursuant

to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the

Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

Plaintiff Eric Martin Matthews, acting pro se, is incarcerated in the federal correctional

institution in Bastrop, Texas. In 2007, Matthews was sentenced to concurrent prison terms of 262

months and 240 months for using a computer to attempt to entice a minor to engage in sexual

activity and distribution of child pornography via a computer. *United States v. Matthews*, No. 2:06-

CR-14069 (S.D. Fla. Mar. 8, 2007), Dkt. 53.

1

From January 2018 through February 2019, Matthews submitted nine Freedom of Information Act ("FOIA") requests to the Department of Justice Office of Litigation Counsel ("OLC"), the Department of Justice Executive Office for the United States Attorneys ("EOUSA"), the Office of the President of the United States, the Federal Bureau of Prisons ("BOP"), and the Department of the Navy, Naval Criminal Investigative Service ("NCIS") (collectively, "Defendants"). Specifically, Matthews made the following requests, as identified the Complaint:

**Count 1**   EOUSA, January 10, 2018, resubmitted May 15, 2018: "a copy of all E-mails from September 30, 2006 to March 6, 2007 that were related to or contained my name or criminal case number in them" (Dkt. 1-5 at 3)

**Count 2**   EOUSA, November 20, 2017, resubmitted May 15, 2018: "a copy of all emails from any computer under the control of any staff member or attorney from either the United States Attorneys Office or Assistant United States Attorneys Office in which my name or any variation there of [sic] was used" and "any emails which referenced either criminal case No. 06-14069-cr-moore, or civil case 17-14272-civ-moore" from July 10, 2017 to January 3, 2018 (Dkt. 1-4 at 2-3)

**Count 3**   BOP, June 21, 2018: "documents from FOOD SERVICE at the Federal Correctional Institution Englewood in Littleton, Colorado," including "a copy of the National Specification Sheets (about 40 pages) that have been filled out with the quan[t]ities needed for each item requested for 1st Quarter FY18 (OCT., NOV., DEC.,)" and "the completed Bid abstract (about 4-7 pages)" (Dkt. 1-8 at 3)

BOP, February 4 or 15, 2019: documents related to food service at FCI Englewood, including "a copy of the Inventory done on or before August 5, 2018 for 1st Quarter (Oct, Nov, Dec) FY 2019 Budget," "a copy of the National Specification Sheets (about 40 pages) that have been filled out by the Food Administrator," and "the completed Bid abstract" (Dkt. 1-10 at 2, 5)[1]

**Count 4**   BOP, January 10, 2018: additional documents related to food service at FCI Englewood, including "a copy of the National Specification Sheets (about 40 pages) that have been filled out with the quan[t]ities needed

---

[1] Matthews does not list this request as a separate "count," but attaches it as Exhibit J to his Complaint. Dkt. 1-10. Because it concerns the same subject matter, the Court includes it in Count 3 for purposes of this Report and Recommendation.

for each item requested for 2nd Quarter FY 18 (JAN. FEB. MAR.)" and "a copy of the completed Bid Sheets (about 4-7 pages)" (Dkt. 1-7 at 3)

**Count 5**    BOP, November 2, 2018: "a complete paper copy of any psychology records that pertain to or are about me" created on or after December 29, 2016 and "emails from or to . . . Doctor Vanderwalt and Doctor Williams" that contain "my name or any variation of it" (Dkt. 1-6 at 3)

**Count 6**    OLC, February 28, 2018: "records related to or about the activities, legislation, and certain persons in the 80th Congress which convened in 1947 and 1948" (Dkt. 1-3 at 3)

**Count 7**    Office of the President, March 6, 2018: "records related to or about the activities, legislation, and certain persons in the 80th Congress which convened in 1947 and 1948" (Dkt. 1-2 at 3)

**Count 8**    NCIS, December 10, 2018: "140 pages of documents [which] were turned over to Federal civilian law enforcement," including "any Search Warrant, Subpoena, or letter of request for these 140 pages of documents (in the form of emails) from the USS Gettysburg CG-64" and "any emails or communications between United States Immigration and Customs Enforcement (ICE) and the Naval Criminal Investigative Services" (Dkt. 1-9 at 3)

None of the Defendants produced records in response to Matthews' FOIA requests before he filed his Complaint on April 8, 2020. Dkt. 1 at 22-23. Matthews alleges that his "request for information has been obstructed, denied, or ignored" by the agencies, in violation 5 U.S.C. § 552. Dkt. 1 at 4. He seeks injunctive relief ordering Defendants to provide the requested records. *Id.* at 22-23. After he filed his Complaint, OLC, EOUSA, and BOP produced documents in response to the requests. Dkt. 25; Dkt. 43-1; Dkt. 43-2 ¶¶ 8, 13, 18. Matthews has received no documents from NCIS or the Office of the President. Dkt. 1-2; Dkt. 43-12.

Defendants move to dismiss Matthews' claims against EOUSA, OLC, BOP, and the Office of the President for lack of subject matter jurisdiction under Rule 12(b)(1). Defendants also seek summary judgment on Matthews' claim against NCIS. Matthews cross-moves for summary judgment on all claims.

3

## II.    Legal Standards

### A.  Rule 12(b)(1) Lack of Subject Matter Jurisdiction

The party claiming federal subject matter jurisdiction must show that the court indeed has that jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A federal court properly dismisses a case or claim for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Federal subject matter jurisdiction is limited to ongoing "cases" or "controversies." U.S. CONST. art. III, § 2.

> Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up); *see also Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S.

167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."). A case becomes moot and there is no longer a case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin*, 568 U.S. at 172.

### B.  Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party

opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

On cross-motions for summary judgment, the Court reviews each party's motion independently, in the light most favorable to the non-moving party. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). In deciding a motion for summary judgment on a FOIA claim, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requestor. *Bittner v. IRS*, Case No. A-15-CV-1209-SS-ML, 2017 WL 4325489, at *4 (W.D. Tex. July 31, 2017) (citing *Ryan v. FBI*, 113 F. Supp. 3d 356, 362 (D.D.C. 2015)).

## III.     Analysis

The Court addresses Defendants' motion to dismiss before turning to the summary judgment motions.

### A.  Motion to Dismiss Counts 1 through 7 for Lack of Subject Matter Jurisdiction

Defendants argue that Matthews' claims against EOUSA, OLC, and BOP should be dismissed for lack of subject matter jurisdiction because they were mooted by the agencies' production of documents. Defendants further contend that the Court lacks subject matter jurisdiction over Matthews' claims against the Office of the President because it is not an agency subject to FOIA.

#### 1.  Requests to EOUSA, OLC, and BOP (Counts 1-6)

Under FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review. *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir. 1993). In evaluating exhaustion, the Fifth Circuit distinguishes between FOIA claims based on the timeliness of the response and

those based on the adequacy of the response. *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993). If an agency fails to respond to a FOIA request in a timely manner, the requestor is deemed to have exhausted its remedies and may bring an action in federal court. *Calhoun v. FBI*, 546 F. App'x 487, 490 (5th Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(C)). If an agency timely responds but the response is deficient, the requestor must challenge the adequacy of the response administratively before filing suit. *Voinche v. FBI*, 999 F.2d at 963. A timeliness claim is rendered moot by an intervening response. *Id.*

Matthews alleges that Defendants failed to timely respond to his FOIA requests. Dkt. 1 at 5, 7, 10, 22. He does not dispute that EOUSA, OLC, and BOP produced documents in response to his requests after he filed suit. *See* Dkt. 25 at 2; Dkt. 42 at 2; Dkt. 44 at 2-3; Dkt. 47 at 10. When EOUSA, OLC, and BOP responded to his requests, Matthews' timeliness claims against them were rendered moot. *Voinche v. FBI*, 999 F.2d at 963

Matthews asserts that a live controversy exists because EOUSA and BOP did not produce all the records he requested. Dkt. 47 at 6-8. His claims challenging the adequacy of the agencies' production, however, have not been exhausted administratively. *See Voinche v. FBI*, 999 F.2d at 963-64 (affirming district court's dismissal of FOIA claim where plaintiff did not challenge adequacy of agency response administratively before filing suit). Absent proof of exhaustion or extraordinary circumstances, the Court lacks subject matter jurisdiction over Matthews' FOIA claims challenging the adequacy of production. *Lake Travis Transitional Med. Ctr. v. U.S. Dep't of Hous. & Urb. Dev.*, Case No. A-10-CA-950-SS, 2011 WL 13152494, at *4 (W.D. Tex. June 8, 2011) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997)). There is no evidence, and Matthews does not argue, that this case presents an extraordinary circumstance in which exhaustion of administrative remedies is futile.

Matthews' claims against EOUSA, OLC, and BOP have been rendered moot by the agencies' production of documents in response to his FOIA requests, and the adequacy of that production has not been administratively exhausted. Therefore, the Court recommends that the District Court grant Defendants' motion and dismiss Counts 1 through 6 of the Complaint for lack of subject matter jurisdiction.

## 2.   Request to the Office of the President (Count 7)

Defendants argue that Matthews' claim against the Office of the President should be dismissed for lack of subject matter jurisdiction because the Supreme Court has held that the Office of the President is not subject to FOIA. Matthews contends that lower courts have found that FOIA applies to certain entities within the Office of the President.

FOIA grants the court jurisdiction to "enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010) (citing 5 U.S.C. § 552(a)(4)(B)). When a plaintiff fails to establish that the entity from which he seeks records is an agency subject to FOIA, his claim should be dismissed for lack of subject matter jurisdiction. *See Goldgar v. Off. of Admin. Exec. Off. of the President*, 26 F.3d 32, 34 (5th Cir. 1994) ("Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records.").

Matthews addressed his March 6, 2018 FOIA request to "Office of the President, 1600 Pennsylvania Avenue NW, FOIA Request, Washington, D.C. 20500." Dkt. 1-2 at 3. The Supreme Court has held that the Office of the President is not an agency for FOIA purposes. *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980) (stating that "FOIA does not render the 'Executive Office of the President' an agency subject to the Act"); *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 216 (D.C. Cir. 2013) (stating that the Office of the President is not an agency for FOIA purposes) (citing *Kissinger*, 445 U.S. at 156).

Matthews cites *Elec. Privacy Info. Ctr. v. Nat'l Sec. Comm'n on Artificial Intelligenc*e, 419 F. Supp. 3d 82 (D.D.C. 2019), to argue that parts of the Office of the President are subject to FOIA. That case, however, concerned an independent commission created by Congress housed within the executive branch, not the Office of the President. *Id.* at 83, 86. Other courts have held that certain parts of the Executive Office of the President are subject to FOIA. *See Goldgar v. Off. of Admin. Exec. Off. of the President,* 26 F.3d 32 (5th Cir. 1994) (stating that the Office of Administration is subject to FOIA); *Pac. Legal Found. v. Council on Env't Quality*, 636 F.2d 1259, 1263 (D.C. Cir. 1980) (stating that Council on Environmental Quality is subject to FOIA). But here, Matthews directed his request to the "Office of the President" and not to any specific executive office, council, task force, or commission subject to FOIA.

Because the Office of the President is not subject to FOIA, the Court lacks jurisdiction over Matthews' claim. Accordingly, the Court recommends dismissing Count 7 under Rule 12(b)(1).

## B. Defendants' Motion for Summary Judgment as to Count 8

Defendants seek summary judgment that NCIS has fully responded to Matthews' FOIA request even though its searches returned no documents. Matthews argues that the searches were inadequate because responsive documents created during NCIS's criminal investigation exist.

To succeed on a motion for summary judgment on a FOIA claim, an agency must show that "it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The question is not whether any other documents responsive to the request might exist, but whether the search for those documents was adequate. *Steinberg v. U.S. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). FOIA places the burden on the agency to sustain its actions by providing more than "conclusory and generalized" assertions. *Cooper Cameron Corp. v. U.S. Dep't of Lab.*, 280 F.3d 539, 543 (5th Cir. 2002). Once the agency provides

evidence that an adequate search was conducted, the burden shifts to the requestor to rebut the evidence by showing that the agency acted in bad faith or presenting evidence to create a genuine dispute as to the adequacy of the search. *Negley v. FBI*, 589 F. App'x 726, 730 (5th Cir. 2014). "A plaintiff cannot call into question the adequacy of the search by engaging in mere speculation that as yet uncovered documents may exist." *Id.*

NCIS submitted a declaration detailing the multiple searches it conducted in response to Matthews' request. Dkt. 43-12. The declarant, Karen Richman, is head of NCIS's Government Information Sharing Unit and responsible for NCIS's FOIA Program. *Id.* ¶¶ 1, 4. Richman states that after receiving Matthews' December 10, 2018 request, NCIS conducted electronic searches using Matthews' personal identifiers in the following databases: Consolidated Law Enforcement Operations Center database, the Defense Central Index of Investigations database, NCIS Records and Information Management System, and NCIS Knowledge Network database. *Id.* ¶ 5. The searches did not produce any responsive records. *Id.* After Matthews successfully appealed to the Office of the Judge Advocate General, NCIS took the additional step of contacting its current agents who were employed at the NCIS Office in Mayport, Florida in 2007 to determine if they possessed email communications relating to Matthews. *Id.* ¶¶ 6-7. NCIS also contacted its IT Department to determine whether a search of 2007 emails was possible. *Id.* ¶ 7. The IT Department informed NCIS that 2007 emails were not searchable due to an intervening change in server ownership and a policy of permanently deleting emails after two years. *Id.*

The Court finds that there is no genuine issue of material fact that NCIS's search in response to Matthews' request was adequate and reasonable. Matthews does not contend that NCIS acted in bad faith, or that its search was inadequate. *See* Dkt. 47 at 17 (stating the "Mr. Matthews does not believe what the defendants did meets the standard of bad faith"); *id.* at 16 (stating that

"Mr. Matthews is not arguing that an adequate search for emails was not done"). Matthews'
contention that responsive documents must exist does not create a genuine issue of material fact.
Accordingly, the undersigned Magistrate Judge recommends that the District Court grant summary
judgment to Defendants on Matthews' claim against NCIS (Count 8).

**C.  Plaintiff's Motion for Summary Judgment**

Because the Court recommends dismissing seven of Matthews' claims for lack of subject
matter jurisdiction and granting summary judgment to Defendants on the remaining claim, as
detailed above, the undersigned recommends that Plaintiff's Motion for Summary Judgment be
dismissed as moot.

### IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District
Court **GRANT** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for
Summary Judgment (Dkt. 43). Specifically, the undersigned **RECOMMENDS** that the District
Court dismiss Counts 1-7 of Plaintiff's Complaint for lack of subject matter jurisdiction pursuant
to Rule 12(b)(1) and grant summary judgment to Defendants on Count 8 of Plaintiff's Complaint.
The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Plaintiff's
Motion for Summary Judgment (Dkt. 39).

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections
must specifically identify those findings or recommendations to which objections are being made.
The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.
United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written
objections to the proposed findings and recommendations contained in this Report within fourteen
(14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 10, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE